UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ELIZABETH PENDERGAST,

                Plaintiff,

   v.                                                          Case No. 05-C-0051[1]

**WE ENERGIES,**
**ATTORNEY LYNN ENGLISH,**
**ANN BRHELY,**
**RALPH BENSON,**
**BOB BREHDELMUEHL,**
**GARY KENNEY,**
**MARK RUTOWSKI,**
**DON STAFANICH,**
**JOHN KRISBAUM,**
**KARL NENNIG,**

                Defendants.

---

**ELIZABETH PENDERGAST,**

                Plaintiff,

   v.                                                        Case No. 05-C-0070

**PAPER ALLIED-IND. CHEM.**
**& ENER. UNION,**
**AL TARNOWSKI,**
**JEFF KAMINSKI,**

---

[1] These seven actions are addressed in a single decision, but the actions have not been consolidated. When referred to separately, the cases will be referred to by number; e.g., the "05-C-51 action."

**MARK PSICIHULIS,**
**VERNON BOWLES,**
**THOMAS PENDERGAST,**
**CHUCK PRENTICE,**
**DAN DOKA,**
**JACKIE SULEWSKI, and**
**GARY HAGG,**

                **Defendants.**

---

**ELIZABETH PENDERGAST,**

                **Plaintiff,**

    v.                                    **Case No. 05-C-0080**

**DARLENE HOWARD, and**
**PAMELA HINES,**

                **Defendants.**

---

**ELIZABETH PENDERGAST,**

                **Plaintiff,**

    v.                                    **Case No. 05-C-0081**

**ALICE O'MAHAR,**
                **Defendant.**

---

**ELIZABETH PENDERGAST,**

        **Plaintiff,**

    v.                                                 **Case No. 05-C-0082**

**MELINDA SCHIPO,**
**TRACEY BUNKER, and**
**JERRLYN I. McNAIR,**

        **Defendants.**

---

**ELIZABETH PENDERGAST,**

        **Plaintiff,**

    v.                                               **Case No. 05-C-0086**

**UTILIQUEST, and**
**VICKIE ORGAS,**

        **Defendants.**

---

**ELIZABETH PENDERGAST,**

        **Plaintiff,**

    v.                                               **Case No. 05-C-0087**

**SM&P,**
**SUPERIOR ELECTRIC,**
**JEFF ULMAN,**
**KEVIN KRAKE,**
**KERRY KRAKE, and**

**NICOLE SERRA,**
                              **Defendants.**

## DECISION AND ORDER

On May 10, 2005, the plaintiff, Elizabeth Pendergast ("Pendergast"), filed her second amended petitions and affidavits seeking leave proceed *in forma pauperis* in the seven above-captioned actions.[2] In two prior decisions, the Court denied her leave to proceed *in forma pauperis*. To recapitulate, in considering a request to proceed *in forma pauperis*, the Court must make two determinations: (1) whether the litigant is unable to pay the costs of commencing the action; and, (2) whether the action warrants dismissal because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(a)(1) & (e)(2).

Pendergast's newly amended petitions and affidavits for leave to proceed *in forma pauperis* provide additional and clarifying information regarding the vehicles she owns: a 1998 Trans Am valued at $6,000 with a debt of $3,824.44 and a 1992 General Motors Corporation truck valued at $1,500 with no outstanding debt. The Court's May 3, 2005, decision erroneously interpreted Pendergast's entry as indicating that the truck was worth $11,500 – Pendergast uses two vertical lines

---

[2]Motions to amend and to add parties are also pending in the 05-C-0051, 05-C-70 and 05-C-81 actions. Such motions will not be addressed given the current status of those cases.

4

in her dollar signs and one of those vertical line was closer to the "1," in 1,500 than the "$." So, the value of the vehicles owned by Pendergast is $10,000 less than stated in the May 3, 2005 decision. She also indicates that her equity in the $6,000 Trans Am is about $2,175.

The other information Pendergast provides is unchanged from that in her first amended petitions. She states that she is presently unemployed, has not had gainful employment since March 19, 2004, and receives monthly long-term disability benefits from her former employer of $771.28 and monthly social security disability benefits of $1657.00 – a significant income for one person with no dependents. She has $223.00 in a checking account, $29.60 in a saving account. She filed a Chapter 7 bankruptcy petition in this district on December 27, 2004 – Case No. 04-3763-JES. Pendergast has reaffirmed four debts, so she continues to make payment on those debts despite her bankruptcy filing. Pendergast's monthly payments on these reaffirmed debts total $1,549.06. Thus, Pendergast's monthly expenses including her reaffirmed debts of $3,240 exceed her monthly income of $2,428.28.[3]

As previously noted, Pendergast's budget is tight and she is overextended. While Pendergast has provided information indicating that her interest in the vehicles are less than stated in the May 3, 2005, decision – she still owns two vehicles, not one, and their joint worth is about $3,675. Despite the additional

---

[3]Pendergast is paying $400 per month to WE Energies on a total debt of $1,816.06.

5

information furnished by Pendergast, under the particular circumstances of this case, this Court still cannot conclude that Pendergast falls within the limited group of persons who are unable to pay the $150 filing fee for commencing civil actions. Having reviewed Pendergast's amended petitions and affidavits, the Court concludes that she has failed to demonstrate an inability to pay the $150.00 filing fee for her actions.

Once again, because Pendergast has failed to show that she is unable to afford the cost of filing her actions, the Court need not proceed to the second step of the *in forma pauperis* analysis and ask if any of her actions should be dismissed because they are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(a)(1) & (e)(2). Pendergast has until May 27, 2005, to pay the filing fee for any of these actions with which she wants to proceed.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Pendergast's Second Amended Petitions for Leave to Proceed *in Forma Pauperis* in Case No. 05-C-0051, 05-C-0070, 05-C-0080, 05-C-0081, 05-C-0082, 05-C-0086, 05-C-0087 are **DENIED**;

To maintain Case No. 05-C-0051, No. 05-C-0070, No. 05-C-0080, No. 05-C-81, No. 05-C-0082, No. 05-C-0086, and/or No. 05-C-0087, Pendergast **SHALL** pay the requisite filing fee in those actions **no later than May 27, 2005**; and,

If the fee has not been paid in any of these actions by **May 27, 2005**, those actions in which the fee has not been paid will be **DISMISSED** without further order of the Court.

Dated at Milwaukee, Wisconsin this 12th day of May, 2005.

**BY THE COURT**

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa**
**Chief Judge**