UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ELIZABETH PENDERGAST,

        **Plaintiff,**

v.                                                                                     Case No. 05-C-0051[1]

**WE ENERGIES,**
**ATTORNEY LYNN ENGLISH,**
**ANN BRHELY,**
**RALPH BENSON,**
**BOB BREHDELMUEHL,**
**GARY KENNEY,**
**MARK RUTOWSKI,**
**DON STAFANICH,**
**JOHN KRISBAUM,**
**KARL NENNIG,**

        **Defendants.**

ELIZABETH PENDERGAST,

        **Plaintiff,**

v.                                                                          Case No. 05-C-0070

**PAPER ALLIED-IND. CHEM.**
**& ENER. UNION,**
**AL TARNOWSKI,**

---

[1] The Court has addressed these two actions in a single decision. They have not been consolidated. When referred to separately, the two cases will be referred to by number; e.g., the "05-C-51 action." Pendergast has second amended *in forma pauperis* petitions pending in five other actions. Those petitions and any related motion(s) will be addressed in separate decisions.

**JEFF KAMINSKI,
MARK PSICIHULIS,
VERNON BOWLES,
THOMAS PENDERGAST,
CHUCK PRENTICE,
DAN DOKA,
JACKIE SULEWSKI, and
GARY HAGG,**

       **Defendants.**

---

## DECISION AND ORDER

---

  The plaintiff, Elizabeth Pendergast ("Pendergast"), has filed second amended petitions and affidavits for leave to proceed *in forma pauperis*. On July 11, 2005, she filed supplemental information in support of her second petitions for leave to proceed *in forma pauperis*.[2]

  In considering Pendergast's request to proceed *in forma pauperis* in these actions, the Court must make two determinations: (1) whether the litigant is unable to pay the costs of commencing the action; and (2) whether the action warrants dismissal because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from

---

[2]In her July 11, 2005, submission, Pendergast states "Name Change: Elizabeth Spivey-Johnson." Pendergast's statement made "under penalty of perjury," is signed "Elizabeth Pendergast" and "Elizabeth Spivey-Johnson." It is unclear whether Pendergast has legally changed her name. If Pendergast has legally changed her name and wants to amend her complaints to reflect that change, she should file a motion to amend the caption of her complaints to substitute Elizabeth Spivey-Johnson as the real party in interest. *See* Fed. R. Civ. P. 17.

2

such relief. 28 U.S.C. §§ 1915(a)(1) & (e)(2). Although enacted as a part of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(e)(2)(B), empowers district courts to screen complaints filed by prisoners and non-prisoners alike. *See Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in her favor. *See DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) (addressing dismissal of action under 28 U.S.C. § 1915(e)(2)(B)).

Pendergast's second amended petitions and affidavits for leave to proceed *in forma pauperis* contain information akin to that presented in her first amended petition, with one significant difference. Pendergast has divested herself of her second vehicle – a Trans Am worth $6,000 with a debt of $3,824.44. As noted in this Court's May 12, 2005, decision and order, she receives monthly long-term disability benefits from her former employer of $771.28 and monthly social security disability benefits of $1657.00 – a significant income. She has $223.00 in a checking account, $29.60 in a saving account and a 1992 General Motors Corporation truck valued at $11,500.

Pendergast filed a Chapter 7 bankruptcy petition in this district on December 27, 2004 – Case No. 04-3763-JES. Pendergast indicates that she has reaffirmed four debts, so she continues to make payment on those debts despite her

3

bankruptcy filing. Pendergast's monthly payments on these reaffirmed debts total $1,549.06. Thus, Pendergast's monthly expenses including her reaffirmed debts of $3,240 exceed her monthly income of $2,428.28.[3]

Further, the supplemental information Pendergast filed on July 11, 2005, includes a five-day eviction notice addressed to Pendergast from the owner of the apartment building where Pendergast resides. (Ex. A.) Also attached is an unsigned WE Energies employee retirement savings plan affidavit and hardship withdrawal application. (Ex. B.)

Pendergast's budget is tight and she is over-extended. However, Pendergast's monthly budget contains expenditures for luxuries. For example, she pays $79.95 for a cellular phone, $35.00 for Internet access, and $80.00 for rental of storage space. Pendergast also pays $709.00 for rental of an apartment. Given these luxuries, it is an extremely close question whether Pendergast's strained budget and difficult financial situation exist because she is living beyond her means. Nonetheless, the Court is now satisfied that the information provided by Pendergast demonstrates her inability to pay the $150 filing fee for commencing civil actions.[4]

---

[3] Pendergast is paying also $400 per month to WE Energies on a total debt of $1,816.06.

[4] The fee for filing a civil action in this district increased to $250 as of February 7, 2005. *See www.wied.uscourts.gov.* Since Pendergast's complaints in the 05-C-0051 and 05-C-0070 actions were lodged in January 2005, the $150 fee for filing a complaint in effect prior to February 7, 2005, applies.

4

Thus, the Court proceeds to the second step of the *in forma pauperis* analysis for the 05-C-0051 and the 05-C-0070 actions. The Court is obliged to give Pendergast's *pro se* allegations, however unartfully pleaded, a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004) (no heightened pleading requirement for *pro se* prisoner civil rights complaint). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Thomso*n, 362 F.3d at 970.

**05-C-0051 Action**

The 05-C-0051 action states that, after Pendergast filed a divorce petition in October 2003, against her husband, Thomas Pendergast ("Thomas P."), who was employed at WE Energies in the same department and same type of position as Pendergast, defendants WE Energies, and Lynn English ("English"), Ann Brhely ("Brhely"), Ralph Benson ("Benson"), Bob Brehdelmuehl ("Brehdelmuehl"), Gary Kenney ("Kenney"), Mark Rutowski ("Rutowski"), Don Stafanich ("Stafanich"), John

5

Krisbaum ("Krisbaum"), and Karl Nennig ("Nennig"), all of whom were WE Energies employees, discriminated against her. Further, Pendergast claims after she filed charges with the United States Equal Employment Opportunity Commission ("EEOC") on February 12, 2004, WE Energies took various adverse actions against her, and other black female employees began avoiding her. Appended to Pendergast's complaint is a dismissal and notice of rights form mailed by the EEOC to her on October 28, 2004. Pendergast seeks one billion dollars from WE Energies for the permanent emotional damage caused by the discrimination and retaliation of WE Energies employees, an "immediate release from WE Energies," reimbursement of her attorney's fees, and l00% lifetime medical care. (Compl. 05-C-0051 action at 8.)

Liberally construed, Pendergast alleges that she was subjected to discrimination based on her gender in violation of 42 U.S.C. § 2000e-2(a)(1), the Title VII of the Civil Rights of 1964 ("Title VII"), which states: "It shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." One form of gender discrimination is a hostile work environment claim. Pendergast's complaint arguably alleges a claim of sex discrimination and a claim of a hostile work environment. Also, Pendergast's statements may be construed as alleging that she

6

was subjected to retaliation for filing a charge of discrimination with the EEOC in violation of 42 U.S.C. § 2000e-3. Therefore, Pendergast will be allowed to proceed *in forma pauperis* in the 05-C-0051 action on Title VII claims of sex discrimination, a hostile work environment, and retaliation. *See* 28 U.S.C. § 1915(a)(1).

According to 28 U.S.C. § 1915(e)(2)(B)(ii), this Court must dismiss Pendergast's claim if she fails to state a claim on which relief may be granted. Pendergast names multiple defendants in the 05-C-0051 action. However, Title VII provides a cause of action against employers, not individual employees of the employer. *See Gastineau v. Fleet Mortgage Corp.*, 137 F.3d 490, 493 (7th Cir. 1998). Furthermore, supervisors are immune for liability under Title VII when acting in an individual capacity. *See Silk v. City of Chicago*, 194 F.3d 788, 797 n.5 (7th Cir. 1990). Thus, Pendergast has failed to state arguable Title VII sex discrimination, hostile work environment, and retaliation claims against WE Energies employees or supervisors. Pendergast's claims against English, Brhely, Benson, Brehdelmuehl, Kenney, Rutowski, Stafanich, Krisbaum, and Nennig do not state a cause of action and therefore are dismissed. *See* 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b)(1).

*Motions to Add Defendants*

Pendergast also seeks to amend her complaint by adding defendants. Rule 15(a) of the Federal Rules of Civil Procedure provides that a plaintiff "may amend his pleading once as a matter of course at any time before a responsive

7

pleading is served." Fed. R. Civ. P. 15(a). However, when a plaintiff attempts to amend her complaint to assert claims against additional defendants leave of the court is required. *See Moore v. State of Ind.*, 999 F.2d 1125, 1128 (7th Cir. 1993). The Court should not allow a plaintiff to amend her complaint when to do so would be futile. *Id*.

Pendergast wants to add as defendants Michael Hartman ("Hartman") (Docket No. 5), Cheryl Tolman ("Tolman") (Docket No. 7), the timekeeper for WE Energies shop employees, Betty Jo Hottenstein ("Hottenstein") (Docket No. 8), Thomas Route ("Route") (Docket No. 13), and Jerry Filet ("Filet"), the head of WE Energies corporate security (Docket No. 14). Pendergast's complaint alleges Title VII violations, but Title VII does not provide a cause of action against co-workers or supervisors. *See Gastineau,* 137 F.3d at 493 (employees); *Silk*, 194 F.3d at 797 n.5 (supervisors). Based on the information provided by Pendergast, she has not stated an arguable cause of action against these individuals. Therefore, amendment of Pendergast's complaint to add Hartman, Tolman, Hottenstein, Route, and Filet, as defendants would be futile, and Pendergast's motions to amend to add defendants in the 05-C-0051 action are denied.

**05-C-0070 Action**

Since Pendergast has satisfied the first prong of the standard to establish *in forma pauperis* status, the next matter to be addressed is whether Pendergast has

8

stated an arguable claim for relief in the 05-C-0070 action against defendants Paper "Allied-Ind. Chem. & Ener. Union"[5] ("Union"), Al Tarnowski ("Tarnowski"), Jeff Kaminski ("Kaminski"), Mark Psicihulis ("Psicihulis"), Vernon Bowles ("Bowles"), Thomas P., Chuck Prentice ("Prentice"), Dan Doka ("Doka"), Jackie Sulewski ("Sulewski"), and Gary Hagg ("Hagg"). Pendergast states that after she filed a grievance with the Union, the union steward and grievance chairperson, Bowles instructed Pendergast to attempt to obtain a doctor's excuse because the Union did not have time to pursue Pendergast's harassment grievance against WE Energies. She states that the Union failed to advise her of her "equal rights" and "options as a union member." (Compl. 05-C-0070 action at 6). Appended to Pendergast's complaint is a dismissal and notice of rights form mailed to her by the EEOC on January 20, 2004. Pendergast seeks one billion dollars in damages from the Union for the permanent emotional damage caused by their failure to represent her, an order directing the Union to pay her legal fees, and "immediate release" from her Union membership. *Id*. at 8.

Title VII, specifically, Section 2000e-2(c) of Title 42 of the United States Code provides that:

> It shall be an unlawful employment practice for a labor organization–
> (1) to exclude or to expel from its membership, or otherwise to discriminate against, any individual because of his race, color, religion, sex, or national origin; . . .

---

[5]Pendergast only provides the name of the Union as abbreviated.

9

The term "labor organization" is defined in 42 U.S.C. § 2000e(d) as a labor organization engaged in an industry affecting commerce and any agent of such organization. The conditions under which a labor organization shall be deemed to be engaged in an industry affecting commerce is further described in 42 U.S.C. § 2000e(e).

To establish a *prima facie* case against a union under Title VII, a plaintiff must show: 1) the employer violated the collective bargaining agreement with respect to her; 2) the union let the breach go unrepaired, thereby breaching its own duty of fair representation; and 3) some evidence indicates that discriminatory animus motivated the union. *See Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554 (1976); *Greenslade v. Chicago Sun-Times, Inc.*, 112 F.3d 853, 866 (7th Cir.1997); *Bugg v. Int'l Union of Allied Industrial Workers of America*, 674 F.2d 595, 598 n. 5 (7th Cir. 1982). The plaintiff must demonstrate each of these elements by the preponderance of the evidence. *Greenslade*, 112 F.3d at 866. Section 185(b) of Title 29 of the United States Code provides that "any labor organization . . . shall be bound by the act of its agents . . . such labor organization may sue or be sued as an entity."

Based on the foregoing, Pendergast's complaint in the 05-C-0070 action sets forth an arguable cause of action under Title VII for breach of the Union's duty to represent her. Therefore, Pendergast will be granted leave to proceed *in forma pauperis* in the 05-C-0070 action. *See* 28 U.S.C. § 1915(a)(1).

10

Case 2:05-cv-00051-RTR    Filed 07/18/05    Page 10 of 15    Document 20

However, Title VII does not afford Pendergast a cause of action against the Union employees or officers. *See* 42 U.S.C. § 2000e-2(c). Therefore, Pendergast's claims against Tarnowski, Kaminski, Psicihulis, Bowles, Thomas P., Prentice, Doka, Sulewski, and Hagg are dismissed. *See* 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b)(1).

*Motion to Amend and Add Defendants*

Pendergast also filed a motion to amend her complaint and add George Torres ("Torres") as a defendant in the 05-C-0070 action. (Docket No. 6). She states that Torres assisted Thomas P. in slandering her name and turning fellow employees at WE Energies against her. Additionally, Pendergast states that Torres assisted Thomas P. in withholding information from the courts in the divorce proceedings.

Civil L.R. 15.1 (E.D. Wis.) addresses motions to amend pleadings and provides:

> A motion to amend a pleading must specifically state in the motion what changes are sought by the proposed amendments. Any party submitting a motion to amend must attach to the motion the original of the proposed amended pleading. Any amendment to a pleading, whether filed as a matter of course or upon motion to amend, must reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference.

Pendergast has described the contents which she proposes to add to her complaint.

Liberally construed, Pendergast's proposed additions could be deemed to give rise to a cause of action for slander under Wisconsin law. Section 1367 of

11

Title 28 of the United States Code affords supplemental jurisdiction of claims over which the court does not have original jurisdiction, but such claims must be so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367. Accordingly, judicial power to hear both state and federal claims exists where the federal claim has sufficient substance to confer subject matter jurisdiction on the court, and the state and federal claims derive from a common nucleus of operative facts. *Ammerman v. Sween*, 54 F.3d 423, 424 (7th Cir. 1995); (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966); *Myers v. County of Lake*, 30 F.3d 847, 850 (7th Cir. 1994); *see also* 13B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3567.3 (2d ed. 1984 & Supp.1994) (statute ratified and incorporated the Supreme Court's constitutional analysis in the *Gibbs* case)). A loose factual connection between the claims is generally sufficient. *Ammerman*, 54 F.3d at 424 (citing 13B Charles A. Wright, Arthur R. Miller, and Edward H. Cooper, *Federal Practice and Procedure* § 3567.1, at 117 (2d ed. 1984)). Pendergast's slander claim against Torres meets this test. *See Id*.

Further, under the principles developed in *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938) and its progeny, matters of pleading are governed by the Federal Rules of Civil Procedure regardless of the source of substantive law. *Hanna v. Plumer*, 380

U.S. 460 (1965); 5 Wright and Miller, *Federal Practice and Procedure*: Civil § 1204. There are no special federal rules of pleading a claim of slander. *See* Fed. R. Civ. P. 9.

However, Pendergast has not attached to her motion to amend the original of her proposed amended complaint as required by Civil L.R. 15.1. Thus, this Court will deny Pendergast's motion to amend her complaint in the 05-C-0070 action without prejudice.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Pendergast's Second Amended Petition for Leave to Proceed *in Forma Pauperis* in Case No. 05-C-0051 is **GRANTED**;

Pendergast's claims in Case No. 05-C-0051 against English, Brhely, Benson, Brehdelmuehl, Kenney, Rutowski, Stafanich, Krisbaum, and Nennig are **DISMISSED** for failure to state a cause of action;

Pendergast's Motions to Add Party as defendants Hartman (Docket No. 6), Tolman (Docket No. 7), Hottenstein (Docket No. 8), Route (Docket No. 13), and Filet (Docket No. 14) are **DENIED**; and,

The United States Marshal **SHALL** serve a copy of the complaint in the Case No. 05-C-0051, the summons, and this order upon WE Energies pursuant to Federal Rule of Civil Procedure 4;

13

Pendergast's Second Amended Petition for Leave to Proceed *in Forma Pauperis* in Case No. 05-C-0070 is **GRANTED**;

The United States Marshal **SHALL** serve a copy of the complaint in the Case No. 05-C-0070, the summons, and this order upon the Union pursuant to Federal Rule of Civil Procedure 4;

Pendergast's claims in the 05-C-0070 action against Tarnowski, Kaminski, Psicihulis, Bowles, Thomas P., Prentice, Doka, Sulewski, and Hagg are **DISMISSED**;

Pendergast's motion to amend and add defendant (Docket No. 6) is **DENIED** without prejudice.

Pendergast is **NOTIFIED** that she is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). Pendergast should also retain a personal copy of each document. If Pendergast does not have access to a photocopy machine, Pendergast may send out identical handwritten or typed copies of any documents. The Court may disregard any papers or documents which do not indicate that a copy has been sent to WE Energies or to its attorney(s);

Pendergast is further **ADVISED** that failure to make a timely submission may result in the dismissal of this action for failure to prosecute; and,

In addition, the parties **MUST** notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 18th day of July, 2005.

                    **BY THE COURT**

                    s/ Rudolph T. Randa
                    **Hon. Rudolph T. Randa**
                    **Chief Judge**